UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID DIETRICK, | CASE NO. C16-705 MJP |
| Petitioner, | CASE NO. CR 11-253 MJP |
| v. | ORDER GRANTING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The above-entitled Court, having received and reviewed

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Dkt. No. 1)

2. Respondent's Answer Opposing Motion Filed Under 28 U.S.C. § 2255 (Dkt. No. 4)

3. Petitioner's Reply to Government's Answer to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Dkt. No. 7)

and all relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED.

ORDER ON § 2255 MOTION - 1

## Background

On March 16, 2012, this Court sentenced Petitioner to 92 months of imprisonment, to be served concurrently with his state sentence. United States v. David Dietrick, Case No. CR11-253-MJP, Dkt. No. 27 (W.D. Wash. 2012). At sentencing, the Court agreed with the Government and Probation that Petitioner was a "career offender" because of his two Washington convictions (a 2005 first-degree robbery in violation of RCW 9A.56.200 and a 2008 residential burglary in violation of RCW 9A.52.025). The record is silent as to the basis upon which the Court concluded that these were crimes of violence that elevated Petitioner to career offender status; i.e., whether they were "enumerated offenses" or fell under either the elements clause or the residual clause of USSG § 4B1.2.

The Presentence Report and the Government calculated that the Petitioner had a total offense level of 23, with an advisory Guideline range of 92 to 115 months. Had Petitioner not been found to be a career offender, the Guideline range would have been 33 to 41 months.

Petitioner's Motion, brought following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), challenges his career offender finding. In Johnson, the Supreme Court ruled on a section of the Armed Career Criminal Act ("ACCA") known as the "residual clause," which provided a definition of "violent felony." The ACCA residual clause provided that a violent felony was one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Johnson, the Supreme Court held that this clause was "unconstitutionally vague." 135 S. Ct. at 2557. In doing so, the Court necessarily found the clause "vague in all its applications," id. at 2561, and concluded that "[i]ncreasing a defendant's sentence under the clause denies due process of law." Id. at 2557. Later, in Welch v. United States, the Supreme Court held that Johnson applies

retroactively to defendants whose sentences were enhanced under the ACCA's residual clause. 136 S. Ct. 1257, 1265 (2016).

Although Petitioner was sentenced as a career offender under the Guidelines rather than under the ACCA, the Guidelines' definition of "crime of violence" includes a sentence identical to the ACCA residual clause.  See USSG § 4B1.2(a)(2) (providing that a "crime of violence means any offense…[that] otherwise involves conduct that presents a serious potential risk of physical injury to another"); see also United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the Sentencing Guidelines] for purposes of interpreting the residual clause[s]").

Petitioner now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that the sentence imposed is unconstitutional under Johnson and Welch.  (Dkt. No. 1.) The Government agrees that "the crime of Residential Burglary no longer qualifies as a crime of violence." (Answer, Dkt. No. 4 at 2.)  This concession notwithstanding, the Government opposes Petitioner's request for relief, arguing that (1) Petitioner's ability to raise his claim is barred by the collateral attack waiver contained in his plea agreement; (2) Petitioner's claim is untimely and procedurally barred; (3) Petitioner's sentence was not imposed in violation of the Constitution or the laws of the United States because Johnson does not apply retroactively on collateral review to defendants, such as Petitioner, who are merely challenging a court's advisory Guidelines calculation as opposed to an enhanced ACCA sentence that exceeds the otherwise applicable statutory maximum; (4) Petitioner "has no basis to challenge the first degree robbery conviction's status as [a] crime of violence because he cannot show the court actually relied on

the residual clause when evaluating that conviction;" and (5) "robbery in the first degree is categorically a crime of violence without reference to the residual clause." (Id.)

As explained in more detail below, the Court agrees with Petitioner and with the well-reasoned decision of this Court on some of these issues in Ruchell Gilbert v. United States, Case No. 15-cv-1855-JCC, Dkt. No. 19, 2016 WL 3443898 (W.D. Wash. 2016). The Court hereby joins with the Honorable John C. Coughenour in rejecting the first three arguments advanced by the Government, rejects the fourth and fifth arguments as non-meritorious, and concludes that Petitioner's Motion must be GRANTED.

## Discussion

I. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ....

28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f). That section provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3).

The Supreme Court issued its opinion in Johnson on June 26, 2015. Petitioner filed his Motion on May 17, 2016, less than one year later. (Dkt. No. 1.) Petitioner's motion is timely.

II. Waiver

The Government argues that Petitioner's Motion should be denied because, as part of his plea agreement, Petitioner expressly waived "[t]he right to bring any collateral attack against Defendant's conviction or sentence, except as it may relate to the effectiveness of legal representation." (Dkt. No. 9 at 7-12.) Because Petitioner waived the right to collaterally attack his sentence, the Government argues he is not entitled to relief here. (Id.)

The Government's argument is unavailing. A waiver "will not apply if: . . . 3) the sentence violates the law." United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007). A sentence violates the law if it "exceeds the permissible statutory penalty for the crime or violates the Constitution." Id. Here, Petitioner was sentenced pursuant to a provision in the Guidelines that is unconstitutionally vague, thereby denying Petitioner due process of law. See Johnson, 135 S. Ct. 2551. Accordingly, Petitioner's sentence is "'illegal,' and therefore the waiver in his plea agreement does not bar" this Motion. United States v. Torres, ___ F.3d ___, No. 14-10210, 2016 WL 3770517, at *9 (9th Cir. July 14, 2016); see also Gilbert, Case No. 15-cv-1855-JCC, Dkt. No. 19 (W.D. Wash. 2016).

III. Procedural Default

The Government next argues that Petitioner's claim is procedurally barred because Petitioner did not argue at his sentencing or on appeal that he was not a career offender or that the Guidelines' residual clause was unconstitutionally vague. (Dkt. No. 9 at 13-16.) The Court disagrees.

The Court adopts the reasoning of the Gilbert court and finds that Petitioner's claim is not procedurally defaulted because he has demonstrated cause and prejudice. See Gilbert, Case No. 15-cv-1855-JCC, Dkt. No. 19 (W.D. Wash. 2016) (finding the cause requirement satisfied in this

context because <u>Johnson</u> explicitly overruled the holdings in <u>Sykes v. United States</u>, 564 U.S. 1 (2011), and <u>James v. United States</u>, 550 U.S. 192 (2007), that the ACCA residual clause was constitutional). The Court finds that there is a reasonable probability that Petitioner's sentence would have been lower had this Court not erred in sentencing him under the Guidelines' residual clause.

IV. Retroactivity

The Government further argues that Petitioner's Motion should be denied because Petitioner's sentence was not imposed in violation of the Constitution or the laws of the United States because <u>Johnson</u> does not apply retroactively on collateral review to defendants, such as Petitioner, who are merely challenging a court's advisory Guidelines calculation as opposed to an enhanced ACCA sentence that exceeds the otherwise applicable statutory maximum. (Dkt. No. 9 at 17-25.)

The Court agrees with and hereby adopts the reasoning of the <u>Gilbert</u> court finding <u>Johnson</u> retroactively applicable in this context. See <u>Gilbert</u>, Case No. 15-cv-1855-JCC, Dkt. No. 19 at 5-10 (W.D. Wash. 2016); <u>see also</u> <u>Welch</u>, 136 S. Ct. 1257; <u>Reina-Rodriguez v. United States</u>, 655 F.3d 1182, 1189 (9th Cir. 2011). For the sake of judicial economy, the <u>Gilbert</u> court's analysis is not repeated here.

V. Reliance by the Court on the Residual Clause

The Government asserts that it is Petitioner's burden to establish, by a preponderance of the evidence, that this Court relied on the residual clause in assessing his career offender status. <u>See</u> Answer, Dkt. No. 4 at 19-21. The Court finds the argument unpersuasive.

First of all, the Court questions the standard of proof propounded by the Government. "Preponderance of the evidence" is the standard for <u>evidentiary</u> proof at a § 2255 hearing; *cf.* 28

James Wm. Moore et al., Moore's Fed. Prac. § 672.10[3]. The Supreme Court has pronounced a "harmless error" standard for constitutional error occurring during trial or sentencing: did the error have a "substantial and injurious effect" on the sentence? Brecht v. Abrahamson, 507 U.S. 619, 623 (1993). The application of an evidentiary standard to the issues before this Court is not even appropriate:

> The case before us does not involve a judge who shifts a "burden" to help control the presentation of evidence at a trial, but rather involves a judge who applies a legal standard (harmlessness) to a record that the presentation of evidence is no longer likely to affect.

O'Neal v. McAninch, 513 U.S. 432, 436 (1995).

More importantly, the Court does not agree that the burden is on Petitioner to demonstrate that the Court relied on the residual clause in determining his career offender status. Analogizing from a series of cases which invalidated jury verdicts where alternate theories of guilt were presented and the jury may have relied on an invalid one (*see* Stromberg v. California, 283 U.S. 359 (1931); Zant v. Stephens, 462 U.S. 862, 881 (1983), O'Neal, 513 U.S. at 434), the Court finds that, rather than placing the burden on the Petitioner in a circumstance where it is unclear whether an unconstitutional portion of the statute was relied upon, the "risk of doubt" is upon the Government. O'Neal, 513 U.S. at 439.

It is clear from the sentencing record that there was no legal analysis conducted to arrive at the determination of Petitioner's career offender status. Everyone present at the hearing simply agreed that his previous convictions were for crimes of violence. Under these circumstances, the Government cannot demonstrate that the Court relied on a valid constitutional ground in making its decision. The possibility that the residual clause may have determined the Court's decision constitutes a constitutional error that was not harmless; i.e., had a substantial

and injurious effect on Petitioner's sentence. Absent the determination of career offender status, there is no question that this Court would have meted out a lesser sentence to Petitioner.

VI. Robbery as an "Enumerated" Crime of Violence

Finally, the Government contends that Petitioner's robbery conviction qualifies as an "enumerated" crime of violence because it appears, not in the text of U.S.S.G. § 4B1.2, but in the commentary to that section. The Court notes, at the outset, that Guidelines commentary has the force of authority only to the extent that it is consistent with the approved text of the Guidelines. *See* Stinson v. United States, 508 U.S. 36, 38, 40-41 (1993).

More to the point, however, the Court finds that the commentary cited by Government exists for the purpose of interpreting the now-invalidated residual clause. Because robbery in Washington requires no more than *de minimis* force and does not require the use or threatened use of violent physical force, the "robbery" reference in the commentary cannot be seen as interpreting or explaining the "force" clause. It only makes sense in reference to the residual clause, which was concerned with the "serious potential risk of physical injury" posed by other, non-enumerated offenses. *See* § 4B1.2(a)(2). Nor, clearly, can it be seen as explanatory or interpretive of the four enumerated (non-robbery) offenses.

Prior to the definitive Johnson opinion, the courts had held that a robbery committed in Washington (in the first or second degree) qualified as a "crime of violence" for career offender purposes under the residual clause. *See* U.S. v. Pavlovich, 2014 WL 6473736 at *3-5; U.S. v. Alvarado-Pineda, 2012 LW 4433283 at *4. With the text of the residual clause having been declared unconstitutional, the commentary supporting that text becomes similarly non-compelling and the Government's attempt to cite it in support of their opposition to Petitioner's motion is rejected.

## Conclusion

The Court finds that Mr. Dietrick was erroneously sentenced as a career offender in violation of the law. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is GRANTED. (Dkt. No. 1.) The Court VACATES and SETS ASIDE the judgment as to David Dietrick in <u>United States v. David Dietrick</u>, Case No. CR11-253 MJP, Dkt. No. 27 (W.D. Wash. 2013). The Court will resentence Petitioner, permit him to submit objections to his Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and allow both sides to argue for an appropriate and lawful sentence.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 18th day of August, 2016.

Marsha J. Pechman
United States District Judge